**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| | : | |
| TOM BUCKLEY, | : | Civil Action No.:09-5460 (RMB) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| MIKE FELDMAN, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**APPEARANCES:**

Tom Buckley, <u>Pro</u> <u>Se</u>
#178161
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**BUMB**, District Judge

Plaintiff, Tom Buckley, is currently confined at the Atlantic County Justice Facility, Mays Landing, New Jersey. Plaintiff seeks to bring this action <u>in forma pauperis</u>, alleging violations of his constitutional rights. On January 27, 2010, Plaintiff filed an amended complaint (docket entry 6), changing the defendants in this action.

At this time, the Court must review the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune

from such relief.  For the following reasons, the amended complaint will be dismissed.

## BACKGROUND

Plaintiff's amended complaint asserts claims against two inmates, Marcus Smith and Mike Feldman.  Plaintiff states that Mr. Smith "was in [a] holding cell and hit me because guard Kowlski said [I was a] child molester." (Complt., ¶ 3B).  As to defendant Mr. Feldman, Plaintiff states that he "also hit me over and over." (Complt., ¶ 3B).  Then, Plaintiff asserts: "They both hit me, violated my civil rights for mental anguish[,] emotional stress[,] weight loss, loss appetite, deformation.  The guard created a dangerous area for me."

The Court notes that in his original complaint, Plaintiff named the state actor jail guard, Kowlski, as a defendant. However, in his amended complaint, he did not name the guard, but rather named the inmates who assaulted him.

Plaintiff asks for monetary relief.

## DISCUSSION

**A.   Standard of Review**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The

Court is required to identify cognizable claims and to <u>sua</u> <u>sponte</u> dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to <u>sua</u> <u>sponte</u> screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a <u>pro</u> <u>se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)).  <u>See also</u> <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a <u>pro</u> <u>se</u> plaintiff's "bald assertions" or "legal conclusions."  <u>Id.</u>

Recently, the Supreme Court refined this standard for summary dismissal of a complaint that fails to state a claim in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which

provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Fed. R. Civ. P.</u> 8(a)(2).[1]  Citing its recent opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>See</u> <u>id</u>. at 1948.  The Supreme Court's ruling in <u>Iqbal</u> emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  <u>See</u> <u>id.</u> at 1949-50; <u>see</u> <u>also</u> <u>Twombly</u>, 505 U.S. at 555, & n.3; <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

**B.   <u>Section 1983 Actions</u>**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." <u>Fed. R. Civ. P.</u> 8(d).

4

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory . . . subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the laws or Constitution of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.**   **Plaintiff's Claims Will Be Dismissed.**

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law.  See Parratt v. Taylor, 451 U.S. 527 (1981); Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003).  Based on a review of the instant complaint, it is clear that inmates Smith and Feldman are not state actors; nor does the complaint allege facts indicating that the actions taken by these individuals are attributable to the State.  This Court, therefore, concludes that Plaintiff's complaint against his fellow inmates is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

However, the dismissal will be without prejudice, and if Plaintiff so chooses, he can correct the deficiencies of his amended complaint and file a motion to reopen his case in accordance with the attached Order.  The motion shall have attached to it a second amended complaint naming the proper state actor(s) as defendants, and any other claims Plaintiff wishes to file as to this matter.

<u>**CONCLUSION**</u>

For the reasons set forth above, Plaintiff's complaint is dismissed, without prejudice.  An appropriate order follows.


<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge


Dated:<u> April 16, 2010</u>

6