```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

_____
                                       :
TOM BUCKLEY,                           :
                                       :   Civil Action No. 09-5460 (RMB)
            Plaintiff,                 :
                                       :
            v.                         :   **MEMORANDUM OPINION AND ORDER**
                                       :
MIKE FELDMAN, et al.,                  :
                                       :
            Defendants.                :
_____ :

**BUMB**, District Judge:

    This civil matter, commenced on October 27, 2009, has been thickly peppered by returns of this Court's decisions (and the Clerk's other mailings addressed to Plaintiff) on the grounds of Plaintiff's numerous changes in address and his constant failures to apprise the Clerk of each new address.  See Docket Entries Nos. 9 (return of mailing as undeliverable in April 2010); Docket Entries Nos. 14 (return of mailing as undeliverable in March 2012); Docket Entries Nos. 16 (return of mailing as undeliverable in May 2012); Docket Entries Nos. 18 (return of mailing as undeliverable in August 2012).  Correspondingly, this matter has been numerously terminated on the grounds of Plaintiff's failure to comply with the Local Rule directing "unrepresented parties [to] advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change."  L. Civ. R. 10.1(a).  Yet, upon each Plaintiff's filing informing the Clerk of Plaintiff's new address, this

Court, mindful of Plaintiff's pro se litigant status, was directing the Clerk to reopen this matter so to address the next step in this proceeding.  The last such measure was taken on June 2, 2014, when – after abandoning this litigation for *two years* – Plaintiff filed his May 20, 2014, letter stating that his address changed to "P.O. Box 884, Hoboken, New Jersey 07030."  See Docket Entries Nos. 18 to 21.

However, the Clerk's mailing (informing Plaintiff that this matter was reopened pursuant to this Court's June 2, 2014, order) was returned as undeliverable, even though it was sent to the Hoboken address he provided.  See Docket Entry No. 22.  Thus, this matter has again become subject to termination under Rule 10.1(a).

This Court notes its grave concern with Plaintiff's litigation practices.  His continuous re-abandonments of this action expose him to the risk of conclusive dismissal, since the Rule clarifies that "[f]ailure to file a notice of address change may result in the imposition of sanctions by the Court."  L. Civ. R. 10.1(a); see also McLaren v. N.J. State Dep't of Educ., 462 F. App'x 148, 149 (3d Cir. 2012) (the court may sanction a litigant "when [that] litigant's conduct makes adjudication impossible" and dismissal for failure to provide an accurate address is appropriate because the district court "had little choice as to how to proceed" and "an order imposing [lesser] sanctions would

2

only find itself taking a round trip tour through the United States mail") (quoting <u>Carey v. King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988)); <u>Kitchen v. Essex County Corr. Facility</u>, 2013 U.S. Dist. LEXIS 101397 (D.N.J. July 18, 2013) (the range of sanctions includes both administrative termination and conclusive closure). While, out of an abundance of caution, this Court will allow Plaintiff to cure the deficiency in his mailing address and will avail him to one <u>final</u> opportunity to litigate this matter in good faith, this Court now expressly <u>warns</u> Plaintiff that any future failure to swiftly apprise the Clerk of his change in address, as Plaintiff is required to do under Rule 10.1(a), would be deemed as Plaintiff's lack of prosecution and will result in conclusive dismissal of this matter without further notice to Plaintiff and without additional extensions of time.  <u>See</u> <u>In re Telfair</u>, 745 F. Supp. 2d 536, 580 (D.N.J. 2010) ("The courts in this nation stand ready to address challenges brought by litigants in good faith.  Which, in turn, means that the judiciary — including the Judges in this District — expect litigants to treat their litigation with utmost seriousness, without abusing legal process and without unduly testing of the resolve or common sense of the judiciary").

IT IS, therefore, on this **15th** day of **August 2014**,

3

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket of each matter reading, "CIVIL CASE TERMINATED"; and it is further

**ORDERED** that, in the event Plaintiff notifies the Clerk of his new address and, in addition, shows cause for his failure to comply with Rule 10.1(a), within sixty days from the entry of this Order, the Court will direct the Clerk to restore the above-captioned matters to the Court's active docket.

    s/Renée Marie Bumb
    **RENÉE MARIE BUMB**
    **United States District Judge**